UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DANIEL BRONSON,<br>　　Petitioner, | Case No. 1:17-cv-701 |
| vs. | Black, J.<br>Bowman, M.J. |
| WARDEN, WARREN<br>CORRECTIONAL INSTITUTION,<br>　　Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Warren Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 3). This matter is before the Court on respondent's motion to dismiss (Doc. 8), to which petitioner has filed a response in opposition (Doc. 9).

For the reasons stated below, the motion to dismiss should be granted.

## I.　PROCEDURAL HISTORY

### State Trial Proceedings

On February 5, 2013, the Hamilton County, Ohio, grand jury returned a two-count indictment charging petitioner with one count each of aggravated robbery and robbery. (Doc. 7, Ex. 1). The aggravated robbery count included two firearm specifications.

On August 12, 2013, petitioner withdrew his prior plea of not guilty and entered a guilty plea to robbery and one firearm specification. (*See* Doc. 7, Ex. 2). After accepting petitioner's guilty plea (Doc. 7, Ex. 3), on September 4, 2013 the trial court sentenced petitioner to a total aggregate prison sentence of six years in the Ohio Department of Corrections. (Doc. 7, Ex. 5).

Petitioner did not file a direct appeal of his conviction and sentence.

### Post-Conviction Petition

On June 25, 2014, the trial court appointed petitioner counsel. (Doc. 7, Ex. 6). On June

7, 2015, through appointed counsel, petitioner filed a petition for post-conviction relief and motion to withdraw his guilty plea. (Doc. 7, Ex. 7, 8). Petitioner raised the following three grounds for relief in his petition:

1. Bronson's guilty plea is invalid on its face and was not made in a knowing and voluntary, or intelligent frame of mind on the basis of several factors, all of which were either plainly evident or caused by the trial court. Accordingly, Bronson's plea runs contrary to Ohio law and his state and federal constitutional rights on several counts. Therefore, the trial court should never have accepted Bronson's guilty plea, or at a minimum the court should have vacated Bronson's guilty plea at the sentencing hearing.

2. Trial counsel provided constitutionally ineffective assistance of counsel in violation of the Sixth Amendment through a series of omissions which: (1) left Bronson uninformed about (a) the maximum sentence he faced for all charges in the indictment, and (b) the nature and potential consequences of the charges involved in the guilty plea and resulting convictions; and (2) resulted in the trial court accepting (and not vacating) an invalid guilty plea.

3. The trial court failed to advise Bronson of his appellate rights on the record in violation of his state and federal due process and equal protection rights.

(Doc. 7, Ex. 7). On July 1, 2015, the trial court denied the post-conviction petition, finding that it had no jurisdiction to entertain the petition because petitioner failed to meet the requirements for filing a late petition, as set forth in Ohio Rev. Code § 2953.23(A).[1] (Doc. 7, Ex. 11).

Petitioner, through counsel, filed a notice of appeal. (Doc. 7, Ex. 12). In his appellate brief, petitioner raised the following four assignments of error:

1. The trial court erroneously determined that it lacked jurisdiction to consider Bronson's post-conviction petition, because Bronson satisfied the factors delineated in ORC 2953.23(A). Therefore, the trial court should have considered his petition and granted him relief, or at a minimum, granted him a

---

[1] Under Ohio Rev. Code § 2953.23(A), petitioner was required to demonstrate that he was unavoidably prevented from discovery of the facts upon which he must rely to present the claim for relief or that petitioner's claim for relief relies on a new, retroactive federal or state right recognized by the United States Supreme Court and that, but for the constitutional error at trial, no reasonable fact finder would have found petitioner guilty of the offenses of which he was convicted. *See* Ohio Rev. Code § 2953.23(A)(1)(a, b).

hearing on the petition.

2. Bronson's guilty plea is invalid on its face and was not made in a knowing and voluntary, or intelligent frame of mind on the basis of several factors, all of which were either plainly evident or caused by the trial court. Accordingly, Bronson's plea runs contrary to Ohio law and his state and federal constitutional rights on several counts. Therefore, the trial court should never have accepted Bronson's guilty plea, or at a minimum the court should have vacated Bronson's guilty plea at the sentencing hearing.

3. Trial counsel provided constitutionally ineffective assistance of counsel in violation of the Sixth Amendment through a series of omissions which: (1) left Bronson uninformed about (a) the maximum sentence he faced for all charges in the indictment, and (b) the nature and potential consequences of the charges involved in the guilty plea and resulting convictions; and (2) resulted in the trial court accepting (and not vacating) an invalid guilty plea.

4. The trial court failed to advise Bronson of his appellate rights on the record in violation of his state and federal due process and equal protection rights.

(Doc. 7, Ex. 13). On October 5, 2016, the Ohio Court of Appeals found that the trial court lacked jurisdiction to consider the post-conviction petition because petitioner failed to meet the statutory requirements for filing a late petition, as set forth in Ohio Rev. Code § 2953.23(A). The appeals court modified the trial court's judgment to reflect a dismissal of the petition and affirmed the judgment as modified. (Doc. 7, Ex. 15).

Petitioner, again through counsel, filed a notice of appeal to the Ohio Supreme Court. (Doc. 7, Ex. 16). In his memorandum in support of jurisdiction, petitioner raised the following six propositions of law:

1. A defendant who satisfies the factors in ORC 2953.23(A) for filing a post-conviction petition beyond the 365-day timeframe outlined in ORC 2953.23(A)(2) based on proving the invalidity of his guilty plea, need not prove his innocence, in addition to proving the invalidity of his guilty plea, in order for the court to find that he has satisfied the jurisdictional requirement in ORC 2953.23(A)(1)(b) that "no reasonable fact finder would have found him guilty" but for the Constitutional violation.

3

2. A defendant satisfies the factors in ORC 2953.23(A) for failing to file a post-conviction petition within the 365-day timeframe outlined in ORC 2953.23(A)(2) when clear and convincing evidence exists that: (1) the petitioner undisputedly was never informed of his due process rights to appeal his conviction and sentence and to have appellate counsel appointed; (2) his grounds for relief warrant reversal.

3. A guilty plea is not made in a knowing, voluntary, or intelligent frame of mind (thus invalidating the guilty plea) when: (1) in his presentence investigation interview, the defendant makes a statement claiming innocence to an essential element of the charge involved; (2) the defendant is unaware that he is pleading guilty to a gun specification carrying a mandatory prison term; (3) the defendant is unaware of the maximum potential sentence in the event he pursues a trial; (4) the defendant has a history of mental health disorders; and (5) the defendant exhibits trouble concentrating during his guilty plea hearing, PSI, and sentencing. In these circumstances, the trial court should not accept the guilty plea, or vacate the guilty plea at the sentencing hearing.

4. When a defendant claims actual innocence to an essential element of a charge, the trial court must further inquire before accepting a guilty plea to the charge.

5. Trial counsel provides constitutionally ineffective assistance through a series of omissions that: (1) leave the defendant uninformed about (a) the maximum sentence he faced for all charges in the indictment, and (b) the nature and potential consequences of the charges involved in the guilty plea and resulting convictions; and (2) result in the trial court accepting (and not vacating) an invalid guilty plea.

6. A trial court's failure to advise a defendant of his appellate rights on the record violates the defendant's state and federal due process and equal protection rights.

(Doc. 7, Ex. 17). On June 21, 2017, the Ohio Supreme Court declined jurisdiction over the appeal. (Doc. 7, Ex. 18).

## Federal Habeas Corpus

On October 20, 2017, petitioner, acting pro se, commenced the instant federal habeas

4

corpus action.[2] (*See* Doc. 8 at PageID 88). Petitioner raises the following three grounds for relief in the petition:

> **GROUND 1**: Trial court failed to advise Bronson of his appellate rights on the record in violation of his due protection (sic) rights
>
> **Supporting Facts**: As demonstrated in Bronson transcripts the trial court failed to inform him of his appellate rights on the record at his trial hearing. Bronson was prejudiced by this stand-alone violation of his state and federal constitutional rights to due process.
>
> **GROUND 2**: Trial counsel provided constitutionally ineffective assistance of counsel in Violation of Bronson's Sixth Amendment. (sic).
>
> **Supporting Facts**: 1 Failing to correctly inform Bronson of the maximum sentence he could have faced for all charges in his indictment, such that he would properly assess whether he wanted to accept a plea bargain. 2 Failing to ensure that Bronson understood to what charges he was pleading guilty to along with the nature of the charge and potential consequence of a conviction 3 Failing to ensure that Bronson understood and was advised by trial court on the record of his appellate rights. (sic).
>
> **GROUND 3**: Bronson guilty plea is invalid on its face and was not made in a knowing, voluntary or intelligent frame of mind.
>
> **Supporting Facts**: As seen in Bronson transcripts, trial counsel never explained that Bronson's guilty plea to his robbery charge was attached with a gun-specification. Also at Bronson plea hearing trial counsel never required Bronson to acknowledge his gun-specification charge separate and apart from his original charge on the record.

(Doc. 3).

Respondent has filed a motion to dismiss the petition on statute of limitations grounds. (Doc. 8). Petitioner opposes the motion to dismiss. (Doc. 9).

---

[2] Petitioner indicates that he placed his petition in the prison mailing system on October 23, 2017, however the petition was received by the Court prior to that date, on October 20, 2017. (*See* Doc. 1; Doc. 3 at PageID 54).

**II. RESPONDENT'S MOTION TO DISMISS SHOULD BE GRANTED**

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, there is no evidence in the record in this case to suggest that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to petitioner's grounds for relief. Petitioner has not alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner's grounds for habeas relief are based on alleged errors that occurred during the trial court proceedings. Since petitioner was aware of the facts underlying his claims by the close of the direct review, his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when

petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

Petitioner has raised in his first ground for relief the claim that the trial court neglected to inform him of his right to appeal at trial. To the extent that petitioner may contend that this constituted a state-created impediment to filing a timely habeas petition or that he was not aware of the factual predicate until after the close of direct review, such an argument is unavailing. Petitioner has not demonstrated that he could not have determined that he had the right to appeal through the exercise of due diligence prior to the expiration of time to file his direct appeal. In any event, even if the Court were to conclude that petitioner's conviction did not become final until June 25, 2014 (when the trial court appointed petitioner counsel) or June 7, 2015 (the date on which petitioner filed his motion to withdraw guilty plea), the limitations period ended on June 8, 2016 at the latest. Because, for the reasons stated below, petitioner is not entitled to statutory or equitable tolling, the statute of limitations expired more than a year before petitioner filed his October 20, 2017 petition.

Under § 2244(d)(1)(A), petitioner's conviction became final on October 4, 2013, upon expiration of the 30-day period for filing an appeal as of right from the trial court's September 4, 2013 final judgment entry. *See* Ohio R. App. P. 4(A). The statute commenced running on October 7, 2013, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on October 7, 2014, absent the application of statutory or equitable tolling principles.

During the one-year limitations period, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-

conviction relief or other collateral review.  *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003).  "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run."  *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).  Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar.  *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2).  *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

No statutory tolling applies under Section 2244(d)(2) to extend the limitations period in this case.  The statute of limitations had run for 608 days before petitioner filed his June 7, 2015 post-conviction petition.  Because petitioner's petition was filed after the one-year statute of limitations had already expired, statutory tolling would not serve to extend the limitations period. *Vroman,* 346 F.3d at 602.  Furthermore, even if the motion was filed within the applicable limitations period, the petition was untimely and therefore not properly filed.  As noted above, the trial court determined that petitioner failed to meet the statutory requirements for filing a late

8

petition. Therefore, petitioner is not entitled to statutory tolling based on the untimely petition. *See Allen,* 552 U.S. at 5-6; *see also Pace*, 544 U.S. at 413-14; *Vroman,* 346 F.3d at 603.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. In response to the motion to dismiss, petitioner argues that his conviction did not become final until the Ohio Supreme Court declined jurisdiction over his appeal from the denial of his untimely post-conviction petition. (*See* Doc. 9 at PageID 296). However, as noted above, petitioner's post-conviction petition does not restart the limitations period and petitioner's conviction and

9

sentence became final on October 4, 2013, more than four years before he filed his October 20, 2017 federal habeas petition. Petitioner has not otherwise demonstrated that he has been pursuing his rights diligently or that an extraordinary circumstance prevented him from filing a timely petition. The Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether petitioner was diligent in pursuing federal habeas relief. In this case, petitioner waited 1,213 days to file his habeas petition after he was appointed counsel and was unquestionably aware of his right to appeal. (Doc. 7, Ex. 6). Petitioner's decision to proceed solely in the state courts demonstrates a lack of diligence. *Vroman*, 346 F.3d at 605 (finding that the petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence"). *See also Wells v. Harry*, No. 17-1476, 2017 WL 9248730, at *2 (6th Cir. Nov. 15, 2017) (noting that the Sixth Circuit has repeatedly held that a petitioner's reliance on his attorney is not ground for equitable tolling).

Finally, petitioner has neither argued nor otherwise demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'" *McQuiggin v. Perkins*, __ U.S. __, 133 S.Ct. 1924, 1935 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). No such showing has been made in this case.

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 8) be **GRANTED**, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) be **DISMISSED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d)**.**

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[3]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

   *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[3] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DANIEL BRONSON,   Case No. 1:17-cv-701
    Petitioner,

                                 Black, J.
vs.                             Bowman, M.J.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,
    Respondent.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).